UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE WILLIAMS,

        Plaintiff,

                                          Civil Case No. 13-12679

v.                                        Honorable Linda V. Parker

QBE INSURANCE CORPORATION,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In this diversity lawsuit removed from state court on June 18, 2013, Plaintiff seeks insurance benefits from Defendant pursuant to Michigan's "No-Fault Act", Mich. Comp. Laws §§ 500.3101-3179, for injuries arising from a motor vehicle accident. The accident occurred while Plaintiff was in the course of her employment and thus Plaintiff has received benefits from another insurance carrier pursuant to Michigan's Worker's Disability Compensation Act ("Worker's Compensation Act"). Defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 on January 13, 2014, claiming that Plaintiff is barred from recovering the benefits she now seeks based on her receipt of those worker's compensation benefits. (ECF No. 14.) The motion has been fully briefed. On May 28, 2014, this matter was reassigned from the Honorable Gerald E. Rosen to the undersigned pursuant to Administrative Order 14-AO-030. The Court has concluded that oral argument will not aid in its resolution of Defendant's motion and therefore issued a notice on August 8, 2014, dispensing with oral argument

pursuant to Eastern District of Michigan Local Rule 7.1(e).

## I.      Summary Judgment Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions,

documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

## II.    Factual Background

On August 6, 2012, Plaintiff was involved in an automobile accident.  There is no dispute that she was in the course and scope of her employment at the time.  (Def.'s Mot., Ex. B at 16.)  As a result of the accident, Plaintiff suffered a comminuted fracture at the base of the first metatarsal bone.  (Pl.'s Resp., Ex. D.)  She filed a worker's compensation claim against her employer's insurance, which was handled by Accident Fund.  At the time of the accident, Plaintiff was insured for personal injury protection ("PIP") under an insurance policy issued by Defendant.  (Compl. ¶ 8.)

Plaintiff hired Ava Care & Case Management ("Ava Care") to provide twenty-four hour attendant care services following her accident.  (Pl.'s Resp., Ex. F.)  Plaintiff's daughter, Tamika Williams, is employed by Ava Care and acted as Plaintiff's attendant care provider.  Ava Care billed Plaintiff for attendant care services from August 13, 2012 through December 28, 2012, for a total of $68,403.84.  (Pl.'s Resp., Ex. A.)  In February 2013, Accident Fund sent Ava Care a payment for $5,040.00.  (Def.'s Mot., Ex. C.) Plaintiff asserts that Accident Fund subsequently made an additional payment of $6,000.00 to Ava Care.  (Pl.'s Resp. Br. at Pg ID 130.)  Accident Fund has taken the position that it is not obligated to pay for more than 56 hours of attendant care per week at

3

$10.00 per hour for the care provided to Plaintiff.  (Def.'s Mot., Ex. D.)

According to Defendant, Accident Fund terminated all benefits for Plaintiff on April 8, 2013, based on an independent medical examination which concluded that Plaintiff required no further treatment of her right foot and was capable of returning to work without limitations or restrictions.  (Def.'s Br. in Supp. of Mot. at Pg ID 78, Ex. E.) In its summary judgment motion, Defendant asserts that Plaintiff has not contested this determination; however, Plaintiff indicates otherwise in her response brief.[1]  (Pl.'s Resp. ¶¶ 2, 4, Exs. B & C.)  Plaintiff states that settlement negotiations are underway with respect to Accident Fund's obligations.  (Pl.'s Resp. Br. at Pg ID 137.)

## III.    Defendant's Arguments in Support of Summary Judgment

In its motion for summary judgment, Defendant first argues that Plaintiff is barred from recovering attendant care benefits from it in excess of what the worker's compensation carrier, Accident Fund, has paid, because Plaintiff has no liability for such

---

[1]To her response brief, Plaintiff has attached an Acknowledgment and Notice of Hearing issued by the Department of Licensing and Regulatory Affairs and a letter from Accident Fund transmitting its Notice of Intent to Admit Records, Reports, Memorandum and Data Compilation in the administrative proceedings. (Pl.'s Mot., Exs. B & C.)  It is not evident from these exhibits to what matters they relate, although in its reply brief, Defendant does not dispute Plaintiff's assertion that she is challenging Accident Fund's determination that she no longer required attendant care and could return to work.  It is unclear whether Plaintiff also is challenging Accident Fund's determination that its liability is limited because Plaintiff's daughter provided the attendant care.  Whether Plaintiff has brought such a challenge, however, is no longer relevant to the Court's resolution of Defendant's motion based on Defendant's abandonment of the second argument raised in summary judgment its motion.  *See infra*

charges and the charges therefore were not "incurred" as required for no-fault liability under Michigan Compiled Laws Section 500.3107.  More specifically, Defendant contends that the state regulations applicable to the Worker's Compensation Act bar Ava Care from "balance billing" Plaintiff for the amount not paid by Accident Fund.  (*See* Def.'s Br. in Supp. of Mot. at Pg ID 81, citing Mich. Admin. Code R. 418.10105.) Defendant therefore argues that Plaintiff is not liable for the difference between the amount Ava Care billed for attendant care services and the amount Accident Fund paid and those are not charges "incurred" for purposes of establishing Defendant's liability under the No-Fault Act, Mich. Comp. Laws § 500.3107.

Defendant next argues that Plaintiff is barred from recovering PIP benefits from her no-fault insurer (i.e., Defendant) when she has not used reasonable efforts to obtain coverage through worker's compensation. In its reply brief, however, Defendant withdraws this argument in response to evidence submitted by Plaintiff reflecting that she is using reasonable efforts to obtain the benefits from Accident Fund.  (*See* Def.'s Reply Br. at 5-6.)  Defendant indicates that it incorrectly assessed the posture of Plaintiff's worker's compensation case based on her deposition testimony that the case was "closed."  (*Id*. at 5, citing Ex. A at 17.)

## IV.   Applicable Law and Analysis

Under Michigan's No-Fault Act, the insurer is liable for PIP benefits for "[a]llowable expenses consisting of all reasonable charges *incurred* for reasonably necessary products, services and accommodations for an injured person's care, recovery,

5

or rehabilitation . . ..."  Mich. Comp. Laws § 500.3107(1)(a) (emphasis added).  The

Michigan Court of Appeals has construed the word "incurred" in this section to mean

only those charges which the insured is responsible or legally obligated to pay the

provider.  *Bombalski v. Auto Club Ins. Ass'n*, 637 N.W.2d 251, 254 (Mich. Ct. App.

2001).

      In *Bombalski*, the insured sued his automobile insurer to recover PIP benefits for

those medical expenses not covered by his health insurance carrier.  The no-fault carrier

contended that its liability was limited to the amounts the health insurance carrier paid the

plaintiff's providers, which was a reduced rate negotiated between the providers and

health insurance company.  The Michigan Court of Appeals held that the insured, and

therefore his no-fault carrier, were not liable for the amounts at issue because the

insured's health insurance carrier had paid less than the amounts charged by the providers

in full satisfaction of the amounts billed.  *Id*. at 255-56.  The court relied on the No-Fault

Act's coordination-of-benefits provision, Mich. Comp. Laws § 500.3109a, "which

authorizes no-fault insurers to offer reduced rate personal protection insurance benefits

coordinated with the no-fault insured's existing health insurance" and reasoned that "

'requiring insurance companies to offer coordination-of-benefits clauses to their insureds

. . . sought to place a check on the health care providers who have no incentive to keep the

doctor bill at a minimum.' "  *Id*. at 255 (quoting *Dean v. Auto Club Ins. Ass'n*, 362

N.W.2d 247 (1984) (internal quotation marks omitted)).

      Defendant argues that the holding in *Bombalski* bars Plaintiff's claim for PIP

6

benefits under the No-Fault Act because Accident Fund has paid Ava Care all that Ava Care is entitled to receive under the Worker's Compensation Act and the regulations applicable to the act prohibit Ava Care from billing Plaintiff for any greater amount. Defendant relies on a provision of the Worker's Compensation Act which limits attendant care to fifty-six hours per week if the care is provided *inter alia* by the employee's child (as it arguably was here), *see* Mich. Comp. Laws § 418.315(1), and the administrative rule which bars a provider from billing an "injured worker for any amount for health care services . . . when the amount is disputed by the carrier pursuant to its utilization review program or when the amount exceeds the maximum allowable payment established by the rules."  Mich. Admin. Code R. 418.10105.

*Bombalski*, however, is not applicable here.  First, there is no evidence that Accident Funds' payment to Ava Care was made in full satisfaction of the amount billed. In other words, the payment was not akin to the reduced payments health insurance companies negotiate with providers that were at issue in *Bombalski*.  *See* 637 N.W.2d at 253.  Second, although the Michigan legislature has chosen to limit the benefit available for attendant care provided by certain family members under the Worker's Compensation Act, the Michigan Court of Appeals has held that the same limitation does not apply to the injured's no-fault carrier.  *Booth v. Auto-Owners Ins. Co.*, 569 N.W.2d 903, 907 (Mich. Ct. App. 1997) (holding that the insured was entitled to no-fault benefits even though the benefits were not compensable under the Worker's Compensation Act).  Thus while the amount owed by the no-fault carrier must be offset by the coverage provided

7

under the Worker's Compensation Act, *see* Mich. Comp. Laws § 500.3109, the no-fault carrier's liability is not limited by coverage restrictions in that statute.

Finally, Defendant offers no support for its contention that the "balance billing" prohibition in Rule 418.10105 applies where other insurance provides coverage for the amount at issue. If Defendant was correct, worker's compensation would be the exclusive remedy available to an individual injured on the job while occupying a motor vehicle. However, the Michigan Supreme Court has expressly rejected this interpretation of the Worker's Compensation Act and No-Fault Act. *Mathis v. Interstate Motor Freight Sys.*, 289 N.W.2d 708, 713-14 (Mich. 1980). Instead, the Court has held:

> The responsibility for worker's compensation benefits rests first on the employer or worker's compensation insurer, and the amount of that payment *is to be deducted from* the liability of the personal protection insurance carrier.

*Id*. at 714 (emphasis added); *see also Gregory v. Transamerica Ins. Co.*, 391 N.W.2d 312, 315 (Mich. 1986) (explaining that "the worker's compensation system should be the primary insurer with respect to disabilities arising from an automobile accident at work" and the no-fault insurer is "secondarily liable" for amounts not covered under worker's compensation).

In short, the Court concludes that Plaintiff is not barred from recovering from Defendant the attendant care benefits billed by Ava Care in excess of the amount worker's compensation covers. If it is subsequently determined in Plaintiff's worker's compensation case that Accident Fund is required to pay more towards Ava Care's

8

charges, Plaintiff may be required to reimburse Defendant for that amount.  However, Defendant may not delay payments pending that determination.  *See Durmishi v. Nat'l Cas. Co.*, 720 F. Supp. 2d 862, 872 (E.D. Mich. 2010) (citing *Specht v. Citizen Ins. Co. of Am.*, 593 N.W.2d 670, 672 (Mich. Ct. App. 1999)).

 Accordingly,

 **IT IS ORDERED**, that Defendant's motion for summary judgment is **DENIED**.


       S/ Linda V. Parker   
       LINDA V. PARKER
       U.S. DISTRICT JUDGE

Dated: September 15, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 15, 2014, by electronic and/or U.S. First Class mail.

       S/ Richard Loury   
       Case Manager

9