UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE WILLIAMS,

      Plaintiff,

v.                                            Civil Case No. 13-12679
                                            Honorable Linda V. Parker

QBE INSURANCE CORPORATION,

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S "MOTION FOR AMENDMENT OF OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT TO CERTIFY FOR INTERLOCUTORY APPEAL"

Plaintiff initiated this action against Defendant seeking insurance benefits pursuant to Michigan's "No-Fault Act", Michigan Compiled Laws §§ 500.3101-3179. On January 13, 2014, Defendant filed a motion for summary judgment arguing that Plaintiff is barred from recovering the benefits she now seeks based on her receipt of worker's compensation benefits from another insurer carrier. This Court denied Defendant's motion in an opinion and order entered September 15, 2014. (ECF No. 31.) Presently before the Court is Defendant's "Motion for Amendment of Opinion and Order Denying Defendant's Motion for Summary Judgment to Certify for Interlocutory Appeal", filed October 13, 2014. (ECF No. 33.) Despite the title of the motion and Defendant's citation to Federal Rule of Civil Procedure 59(e) in support

of the relief sought, in the motion Defendant simply is asking the Court to certify its decision for immediate, interlocutory appeal pursuant to Rule 5 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1292.[1]

A district court has the discretion to grant permission to a party to appeal a non-final order if: (1) the challenged directive "involves a controlling question of law"; (2) a "substantial ground for difference of opinion" exists regarding the correctness of the decision; and, (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Sixth Circuit Court of Appeals has advised that interlocutory review should be "granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

A decision "involves a controlling question of law" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re*

---

[1] A motion filed pursuant to Rule 59(e) seeks to alter or amend the judgment, but may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' " *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5, 128 S. Ct. 2605, 2617 n.5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). In the pending motion, Defendant raises an issue of law previously argued in its motion for summary judgment, but rejected by the Court. Defendant does not seek to relitigate the issue before this Court, but simply is attempting to raise the issue immediately in the Sixth Circuit Court of Appeals.

*Baker & Getty Fin. Services, Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). Sixth Circuit law establishes that " 'substantial grounds for difference of opinion' exist only when there is conflicting authority on an issue." *Serrano v. Cintas Corp.*, Nos. 04-40132, 06-12311, 2010 WL 940164, at *3 (E.D. Mich. Mar. 10, 2010) (citing *In re City of Memphis*, 293 F.3d at 350-51). District courts in this Circuit have held that this occurs where: (1) an issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit concerning the issue; or, (3) the circuits are split on the issue. *Id.* (citing *Gaylord Entm't. Co. v. Gilmore Entm't. Grp.*, 187 F. Supp. 2d 926, 956 (M.D. Tenn.2001)).

Defendant seeks an interlocutory appeal with respect to the Court's rejection of Defendant's argument that Plaintiff's claim for personal injury protection ("PIP") benefits is barred as a result of Plaintiff's receipt of worker's compensation benefits and the Worker's Compensation Act's prohibition on "double billing." The Court did not find the issues raised in Defendant's summary judgment motion difficult to resolve. Defendant does not cite authority in order to demonstrate a substantial ground for a difference of opinion with respect to the issues it wishes to raise through an interlocutory appeal.

Defendant contends that the Michigan Court of Appeals reached a contrary decision in *Bombalski v. Auto Club Ins. Ass'n*, 637 N.W.2d 251 (2001). For the reasons stated in the Court's September 15, 2014 decision, *Bombalski* does not offer

3

contrary authority because it is readily distinguishable from the present matter. (*See* ECF No. 31 at 7.) The only difference of opinion reflected in Defendant's motion is that between it and this Court as to whether *Bombalski* is controlling. Such does not make this the "exceptional" case where interlocutory review is warranted.

For these reasons, this Court is not of the opinion that its decision denying Defendant's motion for summary judgment "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion for Amendment of Opinion and Order Denying Defendant's Motion for Summary Judgment to Certify for Interlocutory Appeal (ECF No. 33) is **DENIED**.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 5, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 5, 2014, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager
